UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC SMITH, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:06-CV-422-TLS |
| WILLIAM WILSON, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Eric Smith submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. In his petition, he stated that a prison disciplinary hearing board found him guilty of misconduct and sanctioned him by placing him in disciplinary segregation. The Court dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court because Smith was not demoted to a lower credit time earning class; he was still in the same class he was in before the disciplinary board sanctioned him. Smith has filed a motion for reconsideration of that dismissal [DE 5] pursuant to Federal Rule of Civil Procedure 59(e).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections. *Wolff v. McDonnell*, 418 U.S. 539 (1974). These protections, however, do not extend to disciplinary actions in which a prisoner is placed in segregation but does not lose credit time. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence).

Smith has no constitutional liberty interest in not being placed in segregation. *See Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1996). His reference to *Del Raine v. Carlson*, 826 F.2d 698 (7th Cir. 1987) is misplaced in light of *Sandin v. Conner*, which held that not all punitive disciplinary action

taken against a prisoner triggers a due process interest.

Smith argues in his motion to reconsider that his retention in credit class III is actionable in a petition for writ of habeas corpus because otherwise he has a "lesser prison release date." While it is true that remaining in credit class III may mean that he will serve his entire sentence, it does not mean he has a valid constitutional challenge to a disciplinary hearing in which he did not lose good time credits and was not demoted in credit time earning class. If Smith were in credit class II and received a sanction that kept him in credit class II and did not take away earned credit time, he could not to challenge that sanction in this court. Likewise, he cannot challenge the sanction that placed him in disciplinary segregation but kept him in credit class III and did not take away earned credit time.

Because Smith has not alleged a sanction that is actionable under 28 U.S.C. § 2254, there is no basis for this Court to reconsider its previous ruling. Accordingly, the Court **DENIES** the petitioner's motion for reconsideration [ DE 5].

SO ORDERED on August 22, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

2